CLERK'S COPY

FILED
U.S DISTRICT COURT
ALB.  IF NEW MEXICO

JUN 22 2000

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWIGHT L. RIDGLEY,

    Applicant,

v.  No. CIV-00-0708 JP/KBM

JOE WILLIAMS, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Applicant's "Objections to the Magistrate's Order to Show Cause" (Doc. #8) filed June 7, 2000. In the order, the Magistrate Judge *sua sponte* raised the issue of Applicant's failure to exhaust available state court remedies and directed Applicant to show cause why the § 2241 application should not be dismissed. In summary, Applicant's response asserts that the Court erred by raising exhaustion *sua sponte*, exhaustion is unnecessary in this case, and Applicant would be prejudiced if required to exhaust state court remedies. For the reasons below, the show cause order will be sustained and the habeas corpus application will be dismissed.

First, the Court properly raised exhaustion *sua sponte*. As stated by the Court of Appeals for the Tenth Circuit, "we have discretion to raise comity [exhaustion] issues sua sponte." *Smith v. Moffett*, 947 F.2d 442, 445 (10th Cir. 1991), *quoted in Hardiman v. Reynolds*, 971 F.2d 500, 503 (10th Cir. 1992); *and see Munn v. Ward*, No. 98-6207, 1998 WL 764651 (10th Cir. 1998) (same); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987) (exhaustion may be raised on appeal even if not raised in the district court). Although Applicant cites to an Eleventh Circuit decision that posits a different rule, *Davis v. Dugger*, 829 F.2d 1513, 1521 (11th Cir. 1987); *see also Esslinger v. Davis*, 44 F.3d 1515, 1525-1528 (11th Cir. 1995), the Court notes that the Supreme Court has declined to resolve this split among the circuits. *Trest v. Cain*, 522 U.S. 87, 90-91 (1997). This argument does not aid Applicant's cause.

Second, Applicant argues "exhaustion is unnecessary in the instant case because Petitioner has

raised claim(s) implicating important state interests." As Applicant correctly asserts, the exhaustion requirement is "based on principles of comity; exhaustion is not jurisdictional," *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994), and a state may waive exhaustion. *Granberry v. Greer*, 481 U.S. at 132-33. "Necessity," however, is not a governing factor in a comity analysis, because "comity involves a delicate compromise of both state and federal concerns." *Carter v. Estelle*, 677 F.2d 427, 442 (5th Cir.1982), *quoted in Hardiman*, 971 F.2d at 503. Here, as even Applicant asserts, the state clearly has a strong interest in resolving issues arising from its own prison system, and the Court will not presume that the state courts of New Mexico are unavailable or incompetent to adjudicate Applicant's claims. *See Steele v. Young*, 11 F.3d 1518, 1523 (10th Cir. 1993). This argument does not support Applicant's request to excuse exhaustion.

Last, Applicant asserts that, because of the delay and futility of state court proceedings, he will be prejudiced if he is required to exhaust state court remedies. The delay argument presumes that Applicant will not receive full and fair adjudication of his claims in the state court, a presumption this Court will not indulge. *See, e.g., Steele v. Young*, 11 F.3d at 1523. Furthermore, " '[i]neffectiveness' of state relief cannot be established if no attempt is made to obtain that relief." *Whiteley v. Meacham*, 416 F.2d 36, 39 (10th Cir. 1969) (quoting *Morehead v. California*, 339 F.2d 170, 171 (9th Cir. 1964)), *rev'd on other grounds sub nom. Whiteley v. Warden*, 401 U.S. 560 (1971). The Court will require exhaustion, and the application will be dismissed.

IT IS THEREFORE ORDERED that Applicant's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. #2) is GRANTED;

IT IS FURTHER ORDERED that Applicant's application for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

2